**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID Q. WEBB, | No. 09-17512 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-04913-PVT |
| v. | |
| OLIVE GARDEN ITALIAN RESTAURANTS/DARDEN RESTAURANTS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Patricia V. Trumbull, Magistrate Judge, Presiding[**]

Submitted March 8, 2011[***]

Before:    FARRIS, LEAVY, and BYBEE, Circuit Judges.

David Q. Webb appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The parties consented to the jurisdiction of the magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his diversity action arising from an incident in which Webb alleges he felt threatened by Olive Garden Italian Restaurants's employees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Webb's assault claim because he failed to allege that he had been placed in reasonable fear of imminent physical harm. *See Lowry v. Standard Oil Co. of Cal.*, 146 P.2d 57, 60 (Cal. Ct. App. 1944) (assault requires an act demonstrating an intent to inflict immediate injury on a person then present).

The district court properly dismissed Webb's false imprisonment claim because he failed to allege that he was deprived of his liberty or compelled to remain at the restaurant parking lot. *See Collins v. Cnty. of L.A.*, 50 Cal. Rptr. 586, 591 (Ct. App. 1966) (false imprisonment "requires some restraint of the person and that he be deprived of his liberty or compelled to remain where he does not wish to remain, or go where he does not wish to go").

Dismissal of Webb's defamation claim was proper because the complained-of statements are nonactionable opinions. *See Nygard, Inc. v. Uusi-Kerttula*, 72

Cal. Rptr. 3d 210, 229 (Ct. App. 2008) (defamation claim failed because it was based on "nonactionable statements of opinion, rather than verifiable statements of fact").

The district court properly dismissed Webb's claim for intentional infliction of emotional distress because he failed to allege "severe" emotional distress. *Girard v. Ball*, 178 Cal. Rptr. 406, 414 (Ct. App. 1981) (defining the required element of "severe" emotional distress and holding that general allegations that plaintiff could not sleep, had anxiety, and did not seek medical treatment were insufficient).

The district court properly dismissed Webb's claim for negligent supervision because he failed to allege that the restaurant knew or should have known that its employees presented an undue risk of harm to third persons. *See Federico v. Superior Court of Sacramento Cnty.*, 69 Cal. Rptr. 2d 370, 374 (Ct. App. 1997).

Webb's remaining contentions are unpersuasive.

**AFFIRMED.**